*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

Plaintiff-Appellee,

v

CIYAN KYLA JONES,

Defendant-Appellant.

UNPUBLISHED
May 26, 2022

No. 356930
Tuscola Circuit Court
LC No. 20-015271-FH

Before: SAWYER, P.J., and SERVITTO and RICK, JJ.

SAWYER, P.J. (*concurring in part; dissenting in part*).

While I agree with the majority that Trooper Schuiteman made a valid traffic stop, I disagree with the majority's conclusion that the Trooper was not justified in extending the traffic stop to investigate issues beyond the traffic violation. In my view, the facts of this case demonstrate that Trooper Schuiteman possessed reasonable suspicion of criminal activity that justified extending the traffic stop in order to question defendant about topics unrelated to defendant's traffic violations.

The continued detention of an individual in his or her vehicle at the conclusion of a traffic stop is unconstitutional unless the traffic stop reveals a new set of circumstances that lead to a reasonable and articulable suspicion that criminal activity is afoot. *People v Kavanaugh*, 320 Mich App 293, 301; 907 NW2d 845 (2017). This is determined on a case-by-case basis applying the totality of the circumstances test. *Id*.

In the present case, Trooper Schuiteman possessed reasonable suspicion of criminal activity that justified extending the traffic stop in order to question defendant about topics unrelated to defendant's traffic violations. During the traffic stop, Trooper Schuiteman recognized from his experience as a police officer that defendant was acting in a nervous and evasive manner. This Court has recognized that "many courts have given little weight to considerations of nervousness during a traffic stop." *Id*. at 304 (citations omitted). However, Trooper Schuiteman knew that defendant had recently left a known drug house that was under surveillance. Indeed, Deputy Horst saw defendant exit a known drug house and notified Detective Sergeant Feehan who then relayed the information to Trooper Schuiteman. Trooper Schuiteman reasonably relied on

the information obtained by Deputy Horst, which indicated that defendant had engaged in activity consistent with a drug transaction. When coupled with defendant's nervous and evasive behavior during the traffic stop, Trooper Schuiteman possessed reasonable suspicion of criminal activity that justified extending the traffic stop in order to question defendant about topics unrelated to defendant's traffic violations.

Next, the majority unnecessarily concludes that Trooper Schuiteman was not justified in conducting a pat-down search of defendant for weapons. Even if we were to determine that Trooper Schuiteman was not justified in conducting a pat-down search for weapons on defendant's person, Trooper Schuiteman did not obtain any evidence during the pat-down search. Therefore, the evidence that was ultimately obtained by the police is not subject to exclusion on this basis. Accordingly, it is unnecessary to reach this issue.

Finally, while I do not necessarily agree with the majority's analysis of the issue whether defendant's rights under *Miranda v Arizona*, 384 US 436; 86 S Ct 1602; 16 L Ed 2d 694 (1966), were violated, I do agree with their ultimate conclusion that it does not supply a basis to suppress the physical evidence found during the search.

On appeal, the parties dispute whether the physical evidence found on defendant's person and in defendant's vehicle would have inevitably been discovered regardless of defendant's unwarned statements. It is, however, unnecessary to determine whether the inevitable discovery doctrine applies in this situation as there is a much more basic conclusion to be reached. Specifically, even if this Court were to find a violation of the *Miranda* rule, that does not supply a basis to suppress the physical evidence.

As the Supreme Court explained in *United States v Patane*, 542 US 630, 641; 124 S Ct 2620; 159 L Ed 2d 667 (2004):

> [P]olice do not violate a suspect's constitutional rights (or the *Miranda* rule) by negligent or even deliberate failures to provide the suspect with the full panoply of warnings prescribed by *Miranda*. Potential violations occur, if at all, only upon the admission of unwarned statements into evidence at trial. And, at that point, "[t]he exclusion of unwarned statements …is a complete and sufficient remedy" for any perceived *Miranda* violation. [Opinion of THOMAS, J., quoting *Chavez v Martinez*, 538 US 760, 769; 123 S Ct 1994; 155 L Ed 2d 984 (2003).]

The view of Justice THOMAS in the plurality opinion was echoed in the concurrence by Justice KENNEDY (joined by Justice O'CONNOR): "Admission of nontestimonial physical fruits . . . does not run the risk of admitting into trial an accused's coerced incriminating statements against himself." See also *People v Campbell*, 329 Mich App 185, 204-205; 942 NW2d 51 (2019).

Accordingly, any failure to comply with *Miranda* would not supply a basis to suppress the physical evidence. And, therefore, the physical evidence could properly be used to establish the probable cause necessary to bind defendant over for trial.

In conclusion, I do not believe that the extension of the traffic stop was improper. Furthermore, regardless whether there was a *Miranda* violation, any such violation does not supply

a basis to suppress any physical evidence found during a search. While I do not necessarily agree with the analysis of the lower courts regarding inevitable discovery, I do believe that they ultimately reached the correct decision that the physical evidence should not be excluded. Therefore, I would affirm.

/s/ David H. Sawyer